# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BRUCE CROSSMAN and KATHERINE CROSSMAN,

        Plaintiffs,

v.                                Case No:   6:18-cv-1301-Orl-31GJK

USAA CASUALTY INSURANCE COMPANY,

        Defendant.

---

## REPORT AND RECOMMENDATION[1]

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' AMENDED MOTION FOR DETERMINATION OF ATTORNEY'S FEES AND COSTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF** (Doc. No. 37) |
| **FILED:** | October 24, 2019 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part.** | |

### I.   BACKGROUND.

On August 9, 2018, Defendant removed Plaintiffs' Complaint to this Court from the Ninth Judicial Circuit. Doc. Nos. 1, 2. The Complaint alleged breach of Plaintiffs' homeowners'

---

[1] Magistrate Judge Baker is substituting for Magistrate Judge Kelly.

insurance policy for failure to pay Plaintiffs' claimed damages to their home as a result of Hurricane Irma. Doc. No. 2 at 2-3.  On August 23, 2018, Defendant filed a Motion to Compel Compliance with Appraisal and to Abate Action, or in the alternative, Motion to Dismiss Plaintiffs' Complaint and Incorporated Memorandum of Law.  Doc. No. 7.  In its Motion to Compel Appraisal, Defendant argued that it had demanded appraisal on the underlying claim on May 31, 2018, and that the appraisal process had, in fact, begun when Plaintiffs filed suit.  *Id.* at 2-3. Defendant argued this was an amount of loss claim that was the proper subject of appraisal.  *Id.* at 2.  Plaintiff filed no response.

Instead, on September 5, 2018, the parties filed a Joint Motion to Compel Appraisal and Abate the Action Pending Court Determination of the Form of the Appraisal Award.  Doc. No. 14.  The parties represented that they agreed the appraisal for all damages presented by Plaintiffs (including the roof, brick façade, and pool deck) should move forward, pending resolution of the parties' disagreement regarding the form of the appraisal award.  *Id.* at 1-2.  On September 13, 2018, the Court granted the Joint Motion, and the matter was sent back to appraisal.

On September 21, 2018, Defendant filed a motion which asked the Court to find that an itemized appraisal award was appropriate and to require the appraisers and umpire to provide a detailed, line-item award.  *Id.* at 2-4.  On October 3, 2018, Plaintiff filed a response to the motion and argued that itemization was not proper pursuant to the policy or Florida law.  Doc. No. 17 at 2. On October 4, 2018, the Court denied Defendant's request for a line-item appraisal award. Doc. No. 18.

An appraisal award of $190,079.90 was issued to Plaintiffs, and Defendant conceded entitlement to attorney's fees as a result.  Doc. Nos. 27, 28, 37, at 2.[2]  On August 29, 2019,

---

[2] Defendant had originally paid $51,524.28 on the claim.  Doc. No. 37 at 1.  The Actual Cash Value of the award was $265,668.18.  Doc. No. 37-1.  The $190,079.90 awarded was the net amount still due after the initial payment

Plaintiffs filed a motion for attorney's fees. Doc. No. 30. On October 10, 2019, Plaintiffs' motion was denied because Plaintiffs offered nothing other than gross hours and failed to comply with Local Rule 3.01(g). Doc. No. 36. Plaintiffs were provided fourteen days to file an amended motion. Doc. No. 36.

On October 24, 2019, Plaintiffs filed an Amended Motion for Determination of Attorney's Fees and Costs (the "Motion"). Doc. No. 37. Plaintiffs included an affidavit of counsel, the fee agreement, and an expert affidavit on attorney's fees from Matthew R. Danahy, Esq. ("Mr. Danahy") to support the amount of attorney's fees claimed. *Id.*; 37-2, 37-3. Plaintiffs seek attorney's fees, costs, including the attorney's fees for preparation of the expert's affidavit, and a contingency fee multiplier. Doc. No. 37. Plaintiffs claim attorney Andrew McDonald ("Mr. McDonald") worked 44.30 hours at his regular hourly rate of $450. Doc. No. 37-2 at 2. Plaintiffs claim paralegal Kaley DeArmond ("Ms. DeArmond") worked 6.7 hours billed at her normal hourly rate of $125. *Id.* Plaintiffs seeks a total of $20,772.50 before a multiplier is applied. *Id.* Plaintiffs seek $430 in costs and $4,200.00 in attorney's fees for Mr. Danahy.[3] Doc. No. 37 at 13.

On November 7, 2019, Defendant filed a response to the Motion (the "Response"). Doc. No. 38. Defendant does not dispute the rate requested for counsel or his paralegal, nor the costs associated with the case, other than the attorney's fees for preparation of Mr. Danahy's expert affidavit. *Id.* at 4. Defendant challenges the reasonableness of the number of hours claimed and the need for a contingency fee multiplier in this case. *Id.* Defendant offers the fee expert affidavit of Janet L. Brown ("Ms. Brown"). Doc. No. 38-1.

---

and Plaintiffs' hurricane deductible. Doc. No. 37-1.
[3] Plaintiffs provide no documentation for the claimed costs other than Mr. Danahy's attorney's fees.

**II.     ANALYSIS.**

Because this is a diversity case, federal procedural law and state substantive law apply. *Houston Specialty Ins. Co. v. Vaughn*, 749 F. App'x 800, 801 (11th Cir. 2018)[4] (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)).

     A.     *Attorney's Fees*

"The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see Fla. Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985) (Florida courts have also adopted this approach).  The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The *Johnson* factors are the following: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10)

---

[4] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.  *Johnson*, 488 F.2d at 717-19.[5]

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience.  *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." *Id.* at 1299 (citations omitted). Instead, satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances or opinion evidence of reasonable rates. *Id*.

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.  In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Likewise, a party opposing a fee application should also submit objections and proof that are specific and reasonably precise.

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). A fee opponent's failure to explain with specificity the particular hours he or she views as "excessive, redundant, or otherwise unnecessary" is generally fatal. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (quotations omitted). When a court finds the number of hours billed unreasonably high, a court has two choices: it may review each entry and deduct the unreasonable time or it may reduce the number of hours by an across-the-board cut. *Bivins*, 548 F.3d at 1350.

### 1. *Reasonable Hourly Rate.*

Defendant does not object to Mr. McDonald's claimed hourly rate of $450 per hour or Ms. DeArmond's hourly rate of $125 per hour.  Doc. No. 38 at 4.  Under these circumstances, the Court finds both of these hourly rates are reasonable, although a rate of $450 per hour seems high with respect to routine activities in this very routine type of litigation.

### 2. *Reasonableness of Hours.*

Mr. Danahy and Ms. Brown both suggest that the number of hours claimed by Mr. McDonald and Ms. DeArmond should be reduced, but the experts do not agree on which hours should be reduced and for what reasons.  Doc. Nos. 37-3; 38-5.  Mr. Danahy opines that Mr. McDonald reasonably expended 37.4 hours and Ms. DeArmond reasonably expended 5.7 hours. Doc. No. 37-3 at 9.[6]  Ms. Brown opines that Mr. McDonald reasonably expended 30.15 hours and Ms. DeArmond reasonably expended 4.7 hours. Doc. No. 38-1 at 4.

---

[6] Both experts appear to agree that Mr. McDonald and Ms. DeArmond may not claim the time they expended prior to being formally retained by Plaintiffs.  Doc. Nos. 37-3 at 22 (Mr. Danahy deducted 6.6 of the 6.8 hours billed for

Based upon the Court's review of Mr. McDonald's time entries, the pre-retention, pre-suit entries for June 21, 26, and 29, 2018, totaling 7.4 hours will be deducted, a reduction of .1 hours will be taken for clerical billing on July 10, 2018, and two duplicate entries for "Receipt and review of Notice of Removal to Federal Court" on August 13, 2018, totaling .2 hours, will be deducted. With respect to Ms. DeArmond's time, a deduction for her pre-representation entry on June 26, 2018 of .5 will be deducted, a reduction of .5 hours for entries on July 3, 2018 and August 28, 2018 that are clerical/administrative will be taken, and a reduction of .9 hours for the February 22, 2019 entry "Email correspondence to opposing counsel regarding Joint Status Report," which appears to be both duplicative and excessive, will be taken.

The Court finds that Mr. McDonald reasonably expended 36.6 hours and Ms. DeArmond reasonably expended 4.8 hours. Thus, the Court recommends an award of reasonable attorney's fees, before consideration of a multiplier, as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Andrew McDonald | 36.6 | $450 | $16,470 |
| **Paralegal** | **Hours** | **Rate** | **Total** |
| Kaley DeArmond | 4.8 | $125 | $600 |
| **Total** | **41.4** | | **$17,070.00** |

---

Mr. McDonald); 38-5 (Ms. Brown deducted 7.4 hours from Mr. McDonald's billing as "pre-suit/pre-retention hours"). The general consensus among district courts in the Eleventh Circuit is that "attorneys' fees for pre-suit legal work are not recoverable under § 627.428 . . . unless the pre-suit work was necessitated by an insurer's unreasonable conduct." *SE Painting & Waterproofing, Inc. v. Travelers Indem. Co.*, No. 6:17-cv-1612, 2019 U.S. Dist. LEXIS 16252, at *10 (M.D. Fla. Jan. 17, 2019) (quoting *Stavrakis v. Underwriters at Lloyd's London*, No. 8:16-cv-2343, 2018 U.S. Dist. LEXIS 168819, at *5 (M.D. Fla. Jun. 29, 2018 (citing cases)). Plaintiffs have failed to demonstrate Defendant's unreasonable conduct necessitated the inclusion of the pre-suit work completed by Mr. McDonald and Ms. DeArmond.

*B.     Multiplier*

In contingency fee cases, once the lodestar is established, the court must consider whether a multiplier is appropriate. *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 831 (Fla. 1990); *Rowe*, 472 So. 2d at 1151. The decision to award a multiplier is discretionary. *David L. Goldstein DMD PA v. Phoenix Ins. Co.*, No. 6:17-cv-1963, 2018 U.S. Dist. LEXIS 220658, at *9 (M.D. Fla. Aug. 21, 2018). As an insurance coverage dispute is a category two case,[7] the Court must consider the following in determining whether a multiplier is appropriate:

> (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any *Rowe* factors are applicable, particularly the amount involved, the results obtained, and the type of fee arrangement between attorney and client.

*Houston Specialty Ins. Co.*, 749 F. App'x at 803 (quoting *Joyce*, 228 So. 3d at 1128). With respect to the first factor, "there should be evidence in the record, and the trial court should so find, that without risk-enhancement plaintiff would have faced substantial difficulties in finding counsel in the local or other relevant market." *Sun Bank of Ocala v. Ford*, 564 So. 2d 1078, 1079 (Fla. 1990) (quoting *Penn. v. Del. Valley Citizens' Counsel for Clean Air*, 483 U.S. 711, 731 (1987)). The relevant market is "intended to assess, not just whether there are attorneys in any given area, but specifically whether there are attorneys in the relevant market who both have the skills to handle the case effectively and who would have taken the case absent the availability of a contingency fee multiplier." *Joyce*, 228 So. 3d at 1135. If a multiplier is justified, then the amount is determined as follows:

---

[7] In *Quanstrom*, the Florida Supreme Court "separated attorney's fees cases into the following three categories: (1) public policy enforcement cases; (2) tort and contract claims; and (3) family law, eminent domain, and estate and trust matters, each with a separate means of determining the appropriate amount of attorney's fees." *Joyce v. Federated Nat'l Ins. Co.*, 228 So. 3d 1122, 1128 (Fla. 2017) (citing *Quanstrom*, 555 So. 2d at 832).

> if the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset, the trial judge may apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5.

*Quanstrom*, 555 So. 2d at 834.

Plaintiffs' fee expert opined that a multiplier is required to obtain counsel who specializes in first party cases and that such counsel was required here. Doc. No. 37-3 at 10. Mr. Danahy states that he "contacted attorneys who primarily, if not exclusively, handle first party claims in Florida" and that "[b]ased on my survey of other claimant attorneys who handle first party claims, none of them would agree to take this disputed claim with the coverage issues which existed without the ability to recover [a] multiplier if they were fortunate enough to prevail." *Id.* at 3, 10. Mr. Danahy does not discuss whether Plaintiffs encountered difficulty in obtaining counsel other than to note that "Dr. and Mrs. Crossman advised me that they . . . spoke with another attorney (they could not recall his name) who would <u>not</u> take their case." Doc. No. 37-3 at 7. Mr. Danahy does not address whether otherwise competent counsel would require a multiplier to handle a case such as this. Plaintiffs offer no other evidence they were unable to obtain counsel without a fee multiplier.

The Court finds that Plaintiffs have failed to demonstrate that the relevant market required a contingency fee multiplier to obtain competent counsel in this property damage insurance case. As the Southern District Court recently noted, "a plethora of experienced practitioners routinely pursue insurance cases following hurricanes or other significant causes of loss." *St. Louis Condo. Ass'n v. Rockhill Ins. Co.* No. 18-21365, 2019 U.S. Dist. LEXIS 177287, at *20 (S.D. Fla. Oct. 10, 2019). Mr. Danahy's averment that he spoke with attorneys who specialize in first party litigation, with no additional details, fails to sufficiently establish the relevant market requires a

multiplier. Additionally, Plaintiffs provide no evidence that they had difficulty obtaining counsel without the possibility of a fee multiplier. Without such evidence, a multiplier is inappropriate. *See St. Louis Condo. Ass'n*, 2019 U.S. Dist. LEXIS 177287, at *20; *North Pointe Ins. Co. v. City Wide Plumbing, Inc.*, No. 2:13-cv-30, 2914 U.S. Dist. LEXIS 97190, at *13 (M.D. Fla. July 17, 2014) (citing *USAA Cas. Ins. Co. v. Prime Care Chiropractic Enters, P.A.*, 93 So. 3d 345, 347 (Fla. 2d DCA 2012); *see also Rynd v. Nationwide Mut. Fire Ins. Co.*, No. 8:09-cv-1556, 2012 U.S. Dist. LEXIS 37973, at *50-51 (M.D. Fla. Jan. 25, 2012) (plaintiff did not present probative evidence that he would have had substantial difficulty finding competent counsel nor did he state that he had difficulty finding counsel); *Jablonski v. St. Paul Fire & Marine Ins. Co.*, No. 2:07-cv-386, 2010 U.S. Dist. LEXIS 34176, at *32 (M.D. Fla. Apr. 7, 2010) (finding that "while the relevant market for insurance litigation does typically require a contingent fee arrangement to incentivize competent counsel, it does not require a multiplier").

Pursuing an insurance company to acknowledge the scope of an appraisal of loss and pursuing the appraisal is hardly esoteric or complex litigation that would necessarily require an attorney with a specialized practice. Thus, the Court recommends no contingency fee multiplier be awarded.

      C.    *Costs*

Generally, a prevailing party may tax costs pursuant to Rule 54(d), Federal Rules of Civil Procedure, and 28 U.S.C. § 1920. Rule 54(d) provides that the prevailing party in a lawsuit shall be entitled to recover costs from the opposing party as a matter of course unless the court otherwise directs. Section 1920 specifies which costs are recoverable, and provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;

> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under § 1923 of this title;
>
> (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees expenses and costs of special interpretation services under § 1828 of this title.

*Id*. The court has limited discretion in awarding costs, and is permitted to tax only those items specified in § 1920, unless authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

The party seeking costs must provide sufficient detail and documentation regarding the requested costs so that the opposing party may challenge the costs and so the court may conduct a meaningful review of the costs. *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000). Plaintiffs have provided no detail or documentation of the $430 in costs. However, Defendant does not object to the $430 requested and asks the Court to enter a cost judgment in that amount in Plaintiffs' favor. Doc. No. 38 at 14. As such, the Court recommends awarding Plaintiffs' costs of $430.

    D.     Mr. Danahy's Attorney's Fees

Federal law determines what costs may be awarded to a prevailing party in federal court, even in a diversity action.[8] *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-595, 2010 U.S. Dist.

---

[8] Plaintiffs seek costs pursuant to Federal Rule of Civil Procedure 54(d) but only cite state law guidelines. Doc. No. 37 at 12-13. Then, Plaintiffs argue that Mr. Danahy's expert witness fees are recoverable under state law, but do not cite a statute upon which they rely, although the case cited by Plaintiffs to support Mr. Danahy's request references section 92.231, Florida Statutes. That statute provides, in pertinent part: "Any expert or skilled witness who shall have testified in any cause shall be allowed a witness fee including the cost of any exhibits used by such

LEXIS 146622, at *2 (M.D. Fla. Aug. 4, 2010).   Expert witness fees are "clearly nonrecoverable" in federal court.   *Duckworth*, 97 F.3d at 1399.   "Specific provision as to the amounts payable and taxable as witness fees was made by Congress . . . Under these provisions, additional amounts paid as compensation, or fees to expert witnesses cannot be allowed or taxed as costs in federal courts." *Henkel v. Chicago, St. Paul, Minneapolis & Omaha Railway*, 284 U.S. 444, 446 (1932).

"Federal courts can only tax costs outside of 18 U.S.C. § 1920 where a statute 'explicitly' authorizes it to do so, or a court explicitly declares that the statute creates a substantive right to costs."   *Kearney*, 2010 U.S. Dist. LEXIS 146622, at *5; *Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983).   "[T]he entitlement to witness fees under the Florida Statutes is not a substantive right."   *Kivi*, 695 F.2d at 1289; *DiPerna v. GEICO Gen. Ins. Co.*, No. 6:12-cv-687, 2016 U.S. Dist. LEXIS 102724, at *29 (M.D. Fla. June 27, 2016) ("The Eleventh Circuit has determined that an entitlement to expert witness fees is not substantive for choice-of-law purposes."), *adopted in part and rejected in part by* 2016 U.S. Dist. LEXIS 102442, at *10-11 (M.D. Fla. Aug. 4, 2016); *Geico Gen. Ins. Co. v. Baena*, No. 07-cv-23358, 2013 U.S. Dist. LEXIS 202499, at *22 (S.D. Fla. Mar. 22, 2013) (finding reimbursement for fee expert not a recoverable expense); *Wendel v. USAA Cas. Ins. Co.*, No. 8:08-cv-536, 2009 U.S. Dist. LEXIS 129068, at *21-22 (M.D. Fla. June 17, 2009) (finding plaintiff was not entitled to compensation for his expert on attorney's fees pursuant to Fla. Stat. § 627.428 or Fla. Stat. § 57.041); *Moore v. Appliance Direct, Inc.*, No. 6:08-cv-317, 2009 U.S. Dist. LEXIS 26516, at *11 (M.D. Fla. Apr. 1, 2009) (finding, in part, that 28 U.S.C. § 1920 did not provide a basis for plaintiffs to recover fees paid to a non-testifying attorney's fees expert witness under section 627.428).   Thus, Mr. Danahy's attorney's

---

witness in an amount agreed to by the parties . . . ."   Fla. Stat. § 92.231(2).

fees are not a recoverable cost under federal law and the Court recommends that his attorney's fees request be denied.[9]

### III. CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 37) be **GRANTED in part** and **DENIED in part** as follows:

1. The Court award Plaintiffs **$17,070.00** in attorneys' fees against Defendant;

2. The Court award Plaintiff **$430.00** in costs against Defendant; and

3. The Motion be otherwise **DENIED.**

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 7, 2020.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[9] Alternatively, the Court also finds section 92.231 is inapplicable because Mr. Danahy did not testify on Plaintiffs' behalf. *See Dupuis v. Vanguard Car Rental USA, Inc.*, No. 6:06-cv-1360, 2008 U.S. Dist. LEXIS 19124, at *6-7 (M.D. Fla. Feb. 5, 2008) (section 92.231 inapplicable where expert did not testify). Further, an award of expert witness fees is merely *permissible* at the discretion of the trial court, it is not required. *Travieso v. Travieso*, 474 So. 2d 1184, 1186 (Fla. 1985) ("expert witness fees, at the discretion of the trial court, *may* be taxed as costs for a lawyer who testifies as an expert as to reasonable attorney's fees. We do not hold that such expert witness fees must be awarded in all cases.")