# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRUCE R. CROSSMAN and
KATHERINE CROSSMAN,**

                    **Plaintiffs,**

**v.**                                         **Case No:   6:18-cv-1301-Orl-31GJK**

**USAA CASUALTY INSURANCE
COMPANY,**

                    **Defendant.**

_____

## ORDER

This matter comes before the Court without a hearing on the objection (Doc. 40) filed by

the Plaintiffs, Bruce and Katherine Crossman (henceforth, the "Crossmans") to Magistrate Judge

Baker's Report and Recommendation (Doc. 39) (the "Report").   The Defendant has not filed a

response to the Crossmans' objection.

The Crossmans generally prevailed against their insurance company in an appraisal

dispute, resulting in an entitlement to attorney's fees.   (Doc. 28 at 2).   On October 24, 2019, they

filed a motion for fees (Doc. 37).   The Defendant responded (Doc. 38) on November 7, 2019.

The matter was referred to Judge Baker, who issued the Report on February 7, 2020.   In the

Report, Judge Baker determined that the Crossmans could recover $17,070 in fees and $430 in

costs.  (Doc. 39 at 13).

The only item to which the Crossmans have objected is Judge Baker's finding that the

$4,200 expert witness fee they paid to attorney Matthew Danahy ("Danahy") was not recoverable.

(Doc. 39 at 13).   Danahy had been retained to offer his opinion regarding the reasonableness of

the fees paid to the Crossmans' attorney and paralegal.   (Doc. 39 at 3).   Judge Baker determined

that (a) federal law, alone, did not authorize him to allow recovery of expert witness fees, and (b) the state law under which the Crossmans appeared to be attempting to recover Danahy's fee – Fla. Stat. § 92.231 – did not authorize such recovery in this instance because, *inter alia*, Danahy had not testified.   (Doc. 39 at 11-13).

In their objection to the Report, the Crossmans clarify that Section 92.231 is, indeed, the statute under which they seek to recover Danahy's expert witness fee.   (Doc. 40 at 2).   That statute, titled "Expert witnesses; fee" provides in pertinent as follows:

> (1) The term "expert witness" as used herein shall apply to any witness who **offers himself or herself in the trial of any action as an expert witness** … **and who is permitted by the court to qualify and testify as such**, upon any matter pending before any court.
>
> (2) Any expert or skilled witness **who shall have testified** in any cause shall be allowed a witness fee including the cost of any exhibits used by such witness in an amount agreed to by the parties, and the same shall be taxed as costs.

Fla. Stat. § 92.231(1) – (2) (emphasis added).

The Crossmans argue that they should be able to recover Danahy's fee, even though he did not testify, because he "provided a sworn affidavit as his testimony."   (Doc. 40 at 3).   However, they do not cite to a case in which a sworn statement was held to suffice for recovery under Section 92.231, and the Court's research has not uncovered any.   As such, the Court must hold that the statute means what it says, and testimony is required.   Because Danahy did not testify, the Crossmans cannot recover the expert witness fee paid to him.

Upon consideration of the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.   The Plaintiffs' objection is **OVERRULED.**

2. Judge Baker's Report and Recommendation (Doc. 39) is **CONFIRMED** and **ADOPTED** and made a part of this order.

3. The Crossmans' Motion for Attorneys' Fees is **GRANTED IN PART** and **DENIED IN PART**. The Court awards the Plaintiffs $17,070.00 in attorneys' fees and $430.00 in costs against the Defendant. In all other respects, the motion is **DENIED.**

4. The Clerk is directed to enter judgment in favor of the Crossmans and against USAA Casualty Insurance Company in these amounts and close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 11, 2020.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party